## GOFF *v.* AVENT.

[93 South. 193. No. 22287.]

1. DEEDS. *Describing land by governmental subdivisions convey according to Surveyor General's official plat.*

   Deeds describing land according to governmental subdivisions convey land according to the official plat thereof made by the Surveyor General, and not that described by the field notes, unless the two coincide.

2. QUIETING TITLE. *All interested persons may be made parties defendant, to afford complete relief.*

   All persons interested in the subject-matter of a suit to cancel a cloud on title may be made parties defendant thereto, so that complete relief may be afforded therein.

3. EQUITY. *Amended bill held not objectionable, as setting up newly arisen matter.*

   An amended bill is not subject to a general demurrer on the ground that relief sought thereby is predicated upon matters that have arisen since the filing of the original bill, when the complainant is entitled to the relief sought because of other allegations of the bill, independent of those setting up the newly arisen matter.

APPEAL from chancery court of George county.

HON. V. A. GRIFFITH, Chancellor.

Suit by W. H. Goff against R. C. Avent and others. From a decree of dismissal as to defendant Avent, plaintiff appeals. Reversed and remanded.

*Oscar Backstrom* and *White & Ford,* for appellant.

Whether or not the deeds under which complainant W. H. Goff, claims the land are sufficient to pass title. One of the first principles of jurisprudence impressed on the student of the law, is that, a thing is certain which can be rendered certain, or not, as the Latin has it *"id certum est quod certum reddi potest."* This is not only a venerable maximum of the law, but is supported by authorities from

many states, as we shall presently show.  Another elementary principle of the law of real property, is that a description is certain when it is such that a surveyor, given the description, can locate the land with certainty.  Applying either of these tests to the deeds under which Goff claims, the description is sufficient.

As to the sufficiency of description in the deeds of conveyance, we cite the following: *Bohrer* v. *Lange,* 44 Min. 281, 46 N. W. 358; *Marvin* v. *Elliot,* 99 Mo. 616, 12 S. W. 799; *Walker* v. *Lee,* 40 So. 880, 51 Fla. 360; *Brose* v. *Boise City Railway & Terminal Co.,* 51 C. 753, 5 Idaho, 694; *Hayden* v. *Brown,* 53 Pac. 490, 33 Or. 221; *Pittsburgh, C. C. & St. L. Ry. Co.* v. *Beck,* 53 N. E. 439, 152 Ind. 421; *Morrison* v. *Casey,* 82 Miss. 522; *Sylvester* v. *State,* 91 Pac. 15, 46 Was. 585, 54 L. Ed. 101; *Norwood* v. *Totten,* 82 S. E. 951, 166 N. C. 648; *Bogart* v. *Barhan,* 86 Pac. 673, 52 Or. 121, 132 Am. St. Rep. 676; *St. Dennis* v. *Harras,* 105 Pac. 246, 55 Or. 379, 106 Pac. 789, 55 Or. 379; *Marks* v. *Ligonier Borough,* 82 A. 477, 233 Pa. 372; *McNair* v. *Johnson,* 78 S. E. 892, 95 S. C. 176; *Harris* v. *Iglehart,* 113 S. W. 170, 52 Tex. Civ. App. 6; *Smith* v. *Owens,* 59 S. E. 762, 63 W. Va. 60; *Jenkins* v. *Bodley,* Sm. & M. ch. 337; *Bingaman* v. *Haytt,* Sm. & M. ch. 437; *Tucker* v. *Field,* 31 Miss. 191; *Towers* v. *Chambers,* 53 Miss. 259; *Enochs* v. *Miller,* 60 Miss. 19; *Goodbar* v. *Lunn,* 61 Miss. 618; *Tiernay* v. *Brown,* 65 Miss. 563, 5 So. 104, Am. St. 679; *Stewart* v. *Cage,* 59 Miss. —; *Kyle* v. *Rhodes,* 71 Miss. 487, 15 So. 40; *Morton* v. *Jackson,* 1 S & M. 494, 40 Am. Dec. 107n; *McRaven* v. *McGuire,* 9 S. & M. 34; *Pegram* v. *Newman,* 54 Miss. 612; *Potts* v. *Canton Warehouse Co.,* 70 Miss. 462, 12 So. 147; Devlin on Deeds, sec. 650, page 667; Devlin on Deeds, sec. 652, page 670; 1 Devlin on Deeds, sec. 654, page 672; Devlin on Deeds, sec. 1012, page 320; 13 Cyc. p. 544; *Campbell* v. *Carruth,* 32 Fla. 264, 13 So. 432; *Smiley* v. *Fries,* 101 Ill. 416; *Pennington* v. *Flock,* 93 Ind. 378; *Oxford* v. *White,* 95 N. C. 525 *Armijo* v. *Mexico Town Co.,* 3 N. M. 244, 5 Pac. 709; *Pittsburg, etc., R. Co.* v. *Beck,* 152 Ind. 421, 53 N. E. 439.

The bill is multifarious in that it seeks correction of mistakes in certain deeds against the heirs of John H. Sheppard and John McInnis, Jr., and seeks other relief, to-wit, cancellation of defendant's claim as to R. C. Avent. On this proposition we desire to say: First, that the bill does not appear to be multifarious in any view of the case. Complainant alleges that he owns the land by adverse possession and a certain deraignment of title. He alleges that certain parties were named as defendants who claimed the land adversely, and have placed of record conveyances and other muniments of title which constitute clouds on complainant's title, and these he is entitled to have removed. It is certainly proper to join as parties defendant all who have such claims, provided they claim the same land. Of course if one of the defendants claim a part of the land and others claim another part, they could not be joined together. But the case is, that some of the defendants hold claims of a certain nature, and other defendants have claims of a different nature, but that all claim the same land and we submit they should be joined here. Otherwise there would be a multiplicity of suits, which equity does not tolerate where there is a community of interest among the parties defendant. If we are mistaken, however, as to the bill not being multifarious, then under section 598, Code 1906, it would have been the duty of the court to direct separate bills to be filed without new process. In other words, multifariousness would merely necessitate the filing of separate bills without new process. The chancellor in the court below did not say on what ground he sustained the demurrer, and we do not know in what particular the charge of multifariousness was sustained, but we submit that it was improper to sustain the demurrer generally on this ground and not follow the statutory procedure of directing separate bills.

The only other point seriously argued in the court below was that complainant by suit upon or embodying in his bill of complaint the several deeds from the heirs of John H. Shepherd, deceased, obtained, after the first ap-

peal had changed the nature of the cause of action. It is true that complainant obtained certain quitclaim deeds from some of the heirs of John H. Sheppard, after the case was first appealed; and they now claim title to the land in particular by these deeds. We fail to understand, however, that the nature of the cause of action was changed. The parties defendant remain the same, the land sued for remained the same, they sought, namely, cancellation of clouds, remains the same, and complainant's title remains the same. In other words, complainant is not suing for different land, not suing different parties, not claiming a different interest in the land. The question now is, as it was in the first appeal, namely, does complainant own the land sued for, and is he entitled to relief as against the defendant R. C. Avent and the other defendants. The nature of the cause of action could only be changed by seeking different relief from that sought in the original bill, or by seeking relief as to other property. Under the laws that now exist, the courts are directed especially by section 593 to allow amendments liberally to prevent delay and injustice. Under section 598: "The uniting in one bill of several distinct things and unconnected matters of equity against the same defendants shall not be an objection to the bill." As was held in the case of *Greenwood Grocery Company* v. *Bennett,* 101 Miss. 573: "It is only in exceptional cases that the trial court should refuse to permit amendments of pleadings of proceedings."

In the case of *Anderson* v. *Dever,* 109 Miss. 235, it was held: "Where the original declaration alleged an indebtedness, for the balance of rent due for the first year of a three-year lease and taxes which the lessee had agreed to pay, an amendment alleging an indebtedness for the difference between the amount of the rent fixed by the lease and the amount for which the property was rented for the second year for a claim arising from the same transaction was proper."

On the first appeal the court remanded the case with leave to complainant to amend his bill, and he had a right to amend his bill by addition of any matters of equity that would not change the nature of the cause of action.

*Oscar Backstrom,* for appellant.

This case was before this court once before, being reported in 122 Miss. 86, in which this court held that the land in controversy was not embraced in the description of the land conveyed in the deeds through which the complainant claims, "for where land is described in a conveyance by sectional numbers according to the Government's survey thereof, the land thereby conveyed is that only which is situated within the designated section as surveyed and platted by the Government, the original corners and lines thereof established by the Government being their true and only boundaries."

We think that this decision of the court is somewhat misleading and shall give our reasons for so thinking in the hope that this decision may be clarified.

It is a cardinal rule in the construction of deeds that the construction placed thereon should give the deed validity provided this can be done without doing violence to the deed itself, and we shall not burden the court with citation of authorities. We are forced to admit that we have been unable to find any adjudicated case that throws any real light on this proposition further than the decision of this court on the former appeal of this case and the inference that may be drawn from the case of *Dedeaux* v. *Bayou De Lisle Lumber Company,* with which this court is familiar.

In the case of *Stonewall Phosphate Company* v. *Peyton,* 23 So. 440, the supreme court of Florida held that a conveyance by patent from the United States presupposed an actual ground survey of the land conveyed and that the patent must be considered as conveying the land actually surveyed, and if this rule be applied to the land here in-

volved it must have been the South half of section 22, South quarter of section 23 and Northwest quarter of section 27 that was actually conveyed by the patent, for it was this land that was surveyed and it was afterwards designated as section 24.

To our mind the demurrer of R. C. Avent could have been sustained on only one ground, that is, that the description of the land in appellant's muniments of title was insufficient to pass title to the land in controversy, and on this point we desire to cite a few authorities. 18 C. J., pages 180, 191; *Pittsburgh, etc., R. Co.* v. *Beck,* 152 Ind. 421, 53 N. E. 439. In the light of this decision, the description of the land in the case at bar is perfectly certain and definite and can be located in no other place than in the Daniel Green Confirmation Section, No. 42.

In conclusion, we maintain that if the muniments of title making up appellant's chain of title described the land involved, that the present amended bill of complaint is not demurrable. The entire title is deraigned and claimed through these muniments of title and by adverse possession in John H. Sheppard, and appellee concedes that adverse possession in John H. Sheppard is sufficiently pleaded, and if the description contained in these muniments of title was effective to convey the land in litigation that part of the bill stands out as a perfect cause of action, and everything else stated in the present amended bill could be disregarded as a mere surplusage and the bill would still state a perfect cause of action. It matters not that the allegations of adverse possession of Goff and his lessees meets the legal requirements of good pleadings, and it also matters not whether Goff claims an interest in the land under other and different deeds or muniments of title. The bill would be ample and sufficient without either allegation, and the rule of law is that if a bill states a cause of action it cannot be successfully demurred to generally. We submit, finally, that in its last analysis the only vital question contained in this record is the definiteness of the description in appellant's

muniments of title, and if these muniments of title actually passed title to the land involved to appellant there is no other question to be decided by this court, and if not sufficient, then the question before the court is whether or not appellant shall suffer dismissal of his bill because a new cause of action was presented to the court or because of the multifariousness of the bill, and we respectfully submit that if his bill were dismissed because of multifariousness the court below erred in failing to direct separate bills to be filed.

We respectfully submit that the bill stated a cause of action and the court below erred in dismissing the bill in sustaining the demurrer.

*O. F. Morse,* for appellee.

The court will see that all the deeds of conveyance acquired by complainant and mentioned in the paragraph next above, were procured subsequent to the time of the filing of amended bill which went to the supreme court, and most of them even after the supreme court had entered its judgment on the appeal, and according to the allegations of the present amended bill, complainant claims an interest in and to said land under and by virtue of said deed of conveyance, but the exact nature and extent of his interest is not stated.

Now it will be seen that complainant by procuring these new deeds of conveyances is endeavoring by the present amended bill to make out a cause of action that he did not have when this suit was begun. It does not require deep reasoning to see that such tactics are unfair and cannot be allowed. Matters arising since the filing of the original bill cannot be set up in an amended bill. Shipman's Equity Pleading, page 104; *Wright v. Frank,* 61 Miss. 32; *Miazza v. Yeager,* 53 Miss. 135; *Walker v. Brown,* 45 Miss 615.

It is horn-book law that the intention of the parties must be gathered from the language of the deed, and where

such language is plain and intelligible, it cannot be changed or varied by construction, although it is plain that it is not the description which was intended to be used. 18 C. J. 277, 278.

This is not a suit to reform these deeds as between the parties, and as stated above, no reformation can be had under the facts set out in the present amended bill of complaint, and certainly not as against the defendant, R. C. Avent, the third party. This defendant is not a party to any of the instruments through which complainant claims and so far as this court knows, he claims title under an entirely different source from that of complainant and can in no way be affected by what might have been the intention of the parties at the time the deeds were executed. The intention of the parties will not control the plain and unambiguous terms of the deed as against third persons. 18 C. J. 278, and authorities there cited.

We submit that this court judicially knows that the survey and plat made in 1844 as shown by the plat made an exhibit to the bill, is the correct Government survey of this land and the only correct survey of same. The court takes judicial notice of the United States Government survey, and the legal subdivisions therein. *Muse* v. *Richards,* 70 Miss. 581, 12 So. 521; *Shivers* v. *Insurance Company,* 55 So. 965.

Descriptive words in a deed should be so construed as to sustain rather than defeat the instrument, if this can be done without violence to the language employed. *Draper* v. *Perkins,* 57 Miss. 277.

If the land conveyed by a deed be correctly described, and this correct description followed by a false or mistaken description, the false or mistaken description may be rejected as surplusage and will not vitiate the deed. *Morton* v. *Jackson,* 1 S. & M. 494; *McRaven* v. *McGuire,* 9 S. & M. 34; *Pegram* v. *Newman,* 54 Miss. 612; *Barksdale* v. *Barksdale,* 92 Miss. 166, 45 So. 619.

So we submit that it is impossible for this land to be in sections 22, 23, and 27, in said township and range, and

that part of the description in said patent giving this
land as being in sections 22, 23, and 27, must be rejected
or the patent itself cannot stand. *Dedeaux* v. *Bayou De-
Lisle Lumber Company*, 73 So. 53.

In our opinion the foregoing questions decided by the
supreme court are now *res adjudicata*, and certainly so as
to the descriptions in the deeds in complainant's alleged
chain of title being insufficient to pass title to the lands
involved in this suit. Complainant has set up no new facts,
in his amended bill, sufficient to warrant a different con-
clusion, and the lower court, as well as the supreme court,
is bound by the judgment on the former appeal. *Henderson*
v. *Winchester*, 31 Miss. 290; *State* v. *Woodruff*, 81 Miss.
456, 33 So. 78; *Bowen* v. *Bowen*, 54 Miss. 10; *Cochran* v.
*Latimer*, 111 Miss. 192, 71 So. 316; *Dickerson* v. *Tele-
graph Company*, 114 Miss. 115, 74 So. 779.

Now in the way of summarizing, we really think that
there are five important questions raised by this record,
towit: 1.   Is a deed good when it follows the second of
the alternative descriptions contained in the patent, al-
though the second alternative description may be accord-
ing to the original survey, and not as shown by the present
authentic township plat? 2.   The bill being multifarious
on account of the effort to reform and cancel in the same
suit, in view of section 598 of the Code of 1906, would
this result in the dismissal of the suit, or should separate
bills be directed? 3.   Should complainant have stated in
the bill the exact interest he acquired in said land by vir-
tue of his deeds from the Sheppard heirs? 4.   Is the al-
legation of adverse possession in the grantees of Shep-
pard and wife sufficiently definite and certain so as to
withstand a demurrer? 5.   Has the former decision of
this court become the law of the case and cannot now be
overturned? I shall now discuss separately each of the
above enumerated questions, and endeavor to cite some
authorities that I have run down since dictating the fore-
going part of this brief.

### 1.

Our contention is that the part of the patent in this chain of title that attempted to describe said land as being in regular sections is a false or mistaken description, and should be rejected as surplusage. *Morton* v. *Jackson,* 1 S. & M. 494; *McRaven* v. *McGuire,* 9 S. & M. 34; *Pegram* v. *Newman,* 54 Miss. 612, 32 Cyc. 1035, citing *Stein* v. *Ashby,* 24 Ala. 521.

The United States surveys and approved Township maps must control. *Stewart* v. *Boyd,* 15 La. 171. Even the Government cannot dispute the truth of its survey and plat. *Railroad Company* v. *Railroad Company,* 26 Minn. 31, 49 N. W. 303. The Government plat and survey referred to in a patent becomes a part of the same as if copied therein. *Lumber Company* v. *Levee District,* 232 U. S. 186, 58 L. Ed. 564 and numerous other cases.

The court will take judicial notice of the Government survey and the legal subdivisions of the public lands. *Money* v. *Turnipseed,* 50 Ala. 499, and hundreds of other cases. *Curther* v. *U. S.,* 140 U. S. 662, 37 L. Ed. 890. If there is a conflict between a patent and a survey, the survey will control. 32 Cyc. 802, and cases there cited. A plat of the survey cannot be impeached except upon a direct proceeding. 32 Cyc., 802, and cases there cited.

### 2.

Now the court will bear in mind that complainant has procured all these new deeds from the Sheppard heirs since he filed his original bill of complaint and most of them even since the former appeal was decided by this court, and the present amended bill alleges that he procured and claims an interest in said land by virtue of said new deeds and bases his claim thereon.

Facts that have transpired subsequent to the filing of the bill cannot be set forth by way of amendment. Shipman on Equity Pleading, page 104. Shipman on Equity Pleading, page 293, citing among other cases *Neubert* v. *Massman,* 36 Fla. 91, 19 So. 625; Shipman on Equity Plead-

ing, page 293; *Brown* v. *Bank of Mississippi,* 31 Miss. 454; *Clark* v. *Hull,* 31 Miss. 520.

We therefore conclude and submit that the new deeds from Sheppard to complainant cannot be brought in, in this suit by either amended or supplemental bill and that the bringing in of these deeds by said amended bill is fatal, and the demurrer must be sustained for that reason if for no other.

### 3.

The present amended bill is plainly multifarious because complainant is seeking to reform his deeds in this chain of title, and at the same time to cancel Avent's title who is in no way connected with the deeds in complainant's chain of title. Section 598 of the Code of 1906. *Columbus* v. *Humphries,* 64 Miss. 258, 1 So. 232; *Nelms* v. *Brooks,* 105 Miss. 74, 61 So. 985; *Wilczinski* v. *Railroad Co.,* 66 Miss. 595, 6 So. 709; *Wise* v. *Brooks,* 69 Miss. 891, 13 So. 836; *Hall* v. *Lafayette County,* 69 Miss. 529, 13 So. 38.

### 6.

Complainant in his present amended bill has alleged no new facts that will entitle him to any different or further relief than he was entitled to as shown by the amended bill passed on by this court in the former appeal, and the parties, and even this court itself, are bounded by the former decision in this case. See authorities above cited.

Therefore, we respectfully submit that the demurrer to the present amended bill was properly sustained, and the complainant declining to plead further, the suit is properly dismissed finally, and that the decision of the lower court ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant exhibited an original bill in the court below against the appellee Avent and others to cancel the appellee's claim to certain land in section 42, township 1 south, range 8 west, as a cloud on the appellant's title. A.

demurrer to the bill having been overruled, the cause was appealed to this court to settle the principles of the case, and the decree overruling the demurrer was affirmed and the cause remanded. 122 Miss. 86, 84 So. 134. Upon the return of the cause to the court below, an amended bill was filed, a demurrer thereto by the appellee was sustained, the bill dismissed, and the complainant again appeals.

The material allegations of the original bill are set forth in the opinion on the former appeal, and will not be again repeated here. The amendments to the bill are, in effect: First, that the township in which the land in controversy lies was surveyed by the government surveyors into thirty-six regular sections, and thereafter the land therein, which was privately owned when the territory was acquired by the government, was surveyed by the government survey-ors, and from the field notes of the two surveys the town-ship plat, showing the division of the township into forty-seven sections, was made. Second, that it was the inten-tion of the grantor in each of the deeds through which the complainant deraigns title to convey to the grantee there-in the land here in question, possession of which in each instance was delivered by the grantor to the grantee, who immediately entered into possession thereof, and held it adversely and continuously until his conveyance thereof to his grantee, except that the allegation of the possession of the appellant is that he has been in the adverse posses-sion thereof continuously for a period of more than ten years after he acquired the interest of his cotenant, Coch-ran. Third, the execution of several deeds to the appellant from some of the heirs of John H. Sheppard, in whom, ac-cording to the allegations of the original bill, the legal title to the land was vested, because of the failure of the bill to disclose that Sheppard had parted therewith. The deeds were executed after the decision on the former ap-peal. Fourth, the grantors in the various deeds through which the appellant claims title who are now living, and their heirs where dead, were made parties defendant, in order that, if necessary, the deeds might be reformed, so as

to convey the land in question in accordance with the alleged intention of the grantors therein so to do.

Deeds describing land according to governmental subdivisions convey land according to the official plat thereof made by the Surveyor General, and not that described by the field notes, unless the two coincide. *Surget* v. *Little,* 5 Smedes & M. 319; Id., 24 Miss. 118; *Lumber Co.* v. *Strahan,* 90 So. 452. From which it follows that the deeds through which the appellant claims convey no title, but, according to the allegations of the amended bill, he has acquired title to the land by adverse possession.

There is no merit in the appellee's contention that the joining of the grantors in the various deeds through which the appellant claims and their heirs, for the purpose of having the deeds reformed, so as to properly describe the land, makes the bill multifarious, for in a suit to cancel a cloud on title all persons interested in the subject-matter of the suit are proper parties thereto, so that complete relief may be afforded therein.

Conceding, for the sake of the argument, that no relief can be had by the appellant, because of the deeds obtained from the heirs of John H. Sheppard, because they were obtained after the filing of the bill, that fact cannot be availed of by the appellee, for the reason that his demurrer is general, and, since it appears from other allegations of the bill that the appellant has acquired title to the property by adverse possession, he is entitled to the relief prayed for on that ground alone.

Reversed and remanded, with leave for the appellee to answer within thirty days after the filing of the mandate in the court below.

*Reversed and remanded.*